UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIREE SANDERS,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.

_____/

Case No. 2:22-cv-10556

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

## ORDER GRANTING MOTION FOR APPROVAL OF SOCIAL SECURITY FEES

Plaintiff's counsel, Howard D. Olinsky, brings this motion for attorney's fees pursuant to Local Rule 54.2 and 42 U.S.C. § 406(b)(1). ECF No. 24. For the reasons stated herein, counsel's motion is granted.

### I. BACKGROUND

Plaintiff Desiree Sanders ("Plaintiff") has been represented by counsel since October 31, 2019. On that day, she signed a contingency fee agreement that provided, in relevant part:

> I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits (406(b) fees") for representing me in federal court. The parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court under 42 USC sec. 406(b) . . . that counsel will credit the amount of the EAJA fee in addition to the 406b fee and will return any excess EAJA amounts not authorized, to the claimant . . . . I

1

understand that the total fee could amount to many thousands of dollars. I understand that my federal court attorney may seek the maximum fee this contract allows under the law.

ECF No. 24-2, PageID.2971. On November 7, 2019, Plaintiff initiated an action for judicial review against the Commissioner of Social Security ("Defendant"), contesting the Administration's denial of her claim for disability benefits. Case No. 4:19-cv-13280, ECF No. 1. The case proceeded before Judge Matthew F. Leitman, who entered an order remanding Plaintiff's case on March 19, 2021. *Id.* at ECF No. 20. Plaintiff received a partially favorable decision on remand, and the case then proceeded before this Court. On May 8, 2023, the undersigned granted summary judgment for Plaintiff and remanded to the Social Security Administration. ECF No. 19. On April 25, 2022, Judge Leitman granted counsel's motion for attorney fees, awarding $7,699.30 in fees and expenses pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d). Case No. 4:19-cv-13280, ECF No. 23. This Court then granted counsel's motion for attorney fees, awarding $7,336.24 on August 17, 2023. ECF No. 23.

On May 20, 2024, the Social Security Administration issued a Notice of Award finding that Plaintiff is owed $95,357.70 in past due benefits. ECF No. 24-3, PageID.2978. The Notice informed Plaintiff that the Social Security Administration withheld $7,200 of her past due benefits to compensate her representative for work done before the Administration and that it was withholding $16,639.43 to cover

2

potential fees for work done before the Court. *Id.* at PageID.2878–2879.

Counsel filed the instant motion on June 3, 2024. He requests approval for an attorney fee of $16,639.43. *Id.* at PageID.2967. Counsel acknowledges that if the fee is approved, Plaintiff will be refunded the approved fee of $15,000.35 under the EAJA. The Commissioner "neither supports nor opposes counsel's request for attorney's fees" and requests only that (1) Plaintiff be reimbursed fees awarded to counsel under the EAJA and (2) that the Court specify in its order that any fee awarded "is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. ECF No. 25, PageID.3000–3001.

## II. LEGAL STANDARD

Under 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." The allowable fee cannot be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1).

## III. DISCUSSION

Plaintiff's Counsel seeks an attorney fee award of $16,639.43. This award is not opposed, but the Court must still assess the reasonableness of counsel's request under § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Sixth Circuit

3

has noted that "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (cleaned up)).

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). A reasonable hourly rate "is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation." *McClain v. Hanna*, Civil Action No. 19-10700, 2019 U.S. Dist. LEXIS 193350, at *6 (E.D. Mich. Aug. 23, 2019) (quoting *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004)). A fee agreement that complies with the 25% cap under § 406(b) enjoys a rebuttable presumption of reasonableness. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

The State Bar of Michigan's Economics of Law Practice Survey is the accepted guideline for determining reasonable hourly rates in this district. *McClain*, 2019 U.S. Dist. LEXIS 193350, at *6; *Johnson v. O'Malley*, No. 18-12994, 2024 U.S. Dist. LEXIS 49396, at *5 (E.D. Mich. Mar. 20, 2024). According to the most recent survey, for 2023, the median hourly rate for public benefits attorneys in Michigan is $300; the mean rate is $269; the 75th percentile rate is $450; and the

95th percentile rate is $500.[1]

The Court agrees with Counsel that his fee is reasonable. First, Counsel's fee requests for work done before this Court and before the Social Security Administration total $23,839.43. ECF No. 24-3, PageID.741. The total requested fee award is presumptively reasonable under *Lasley*, 771 F.3d at 309 because it equals, but does not exceed, the 25% cap outlined in § 406(b). Counsels hourly rate of $218.51 also falls well below the median hourly rate of $300 according to the Michigan state bar. It is thus within the per se reasonable range because it is "less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). For these reasons, the award request will be approved.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Approval of Social Security Fees (ECF No. 24) is **GRANTED**. The Commissioner of Social Security is **DIRECTED** to disburse to Plaintiff's Counsel $16,639.43 from the representative fees withheld from Plaintiff's past-due benefits. Counsel will refund to Plaintiff $15,000.35 in previously collected fees.

**IT IS SO ORDERED**.

---

[1] https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf

Dated: July 10, 2024 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 10, 2024, by electronic and/or ordinary mail.

/s/Marlena Williams
Case Manager

6